IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C.S.,                                              :
                          Petitioner              :
                                                   :     No.  440 M.D. 2017
              v.                                   :
                                                   :     Submitted:  December 13, 2018
Commonwealth of Pennsylvania,                     :
Department of Human Services,                     :
Bureau of Hearings and Appeals,                   :     CASE SEALED
                          Respondent              :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  January 7, 2019


              Before the Court in our original jurisdiction is the motion for judgment
on the pleadings filed by C.S. (Petitioner), which we treat as an application for
summary relief.[1]  The facts and procedural history of this case are set forth in *C.S. v.*

---

[1] Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear."  Pa.R.A.P. 1532(b). "Both an application for summary relief under Rule 1532 of the Pennsylvania Rules of Appellate Procedure and a motion for judgment on the pleadings under [Pa.R.C.P. No.] 1034 of the Pennsylvania Rules of Civil Procedure seek similar relief." *Pennsylvania Independent Oil and Gas Association v. Department of Environmental Protection*, 146 A.3d 820, 821 n.3 (Pa. Cmwlth. 2016), *aff'd*, 161 A.3d 949 (Pa. 2017).

*Department of Human Services, Bureau of Hearings and Appeals*, 184 A.3d 600 (Pa. Cmwlth. 2018):

On September 29, 2017, Petitioner filed a petition for review, stylized as a "Petition for Declaratory Judgment" (Petition), averring as follows. Petitioner is certified in Pennsylvania as a professional educator. He was indicated as a perpetrator of child abuse in two separate reports filed by the County Children and Youth Services (CYS) and placed on the ChildLine and Abuse Registry. Petitioner then filed petitions to expunge the indicated reports and, on appeal, the [Department of Human Services, Bureau of Hearings and Appeals (BHA)] sustained one indicated report and dismissed the other as unfounded . . . .

Meanwhile, the Department of Education, Professional Standards and Practices Commission (Commission), commenced a disciplinary proceeding against Petitioner's professional license. Based upon pre-hearing statements filed with the Commission, Petitioner discovered that "persons who testified in the two separate child abuse expunction proceedings before the [BHA] are expected to testify." (Petition, ¶9.) In filing the Petition, Petitioner desires "to use the transcripts of the prior testimony taken from such persons in the child abuse expunction proceeding in cross-examining them at the upcoming hearing on the action before the . . . Commission." (Petition, ¶10.)

According to Petitioner, the transcripts are designated as confidential information under statutory law and counsel for the Commission objects to their disclosure during the licensing matter. Petitioner seeks a declaration authorizing him to utilize the transcripts for the stated purpose, asserting that the theory of fundamental fairness inherent in the Due Process Clause, [U.S. Const. amend. XIV, §1], mandates this result.

On November 1, 2017, the BHA filed preliminary objections, contending that the Petition failed to state a claim upon which relief can be granted. The BHA further

asserts that the Petition does not conform to law or rule of court.

Thereafter, Petitioner filed an answer and, in proper course, both parties submitted briefs in support of their respective positions.

*C.S.*, 184 A.3d at 603 (footnotes omitted).

In an opinion and order dated April 10, 2018, this Court overruled the preliminary objections of the BHA. We concluded that, although the transcripts of the witnesses' testimony in the expungement proceedings are deemed confidential information under the Child Protective Services Law (CPSL),[2] this fact must be considered in light of the fact that Petitioner possesses a protected property interest in the practice of his profession and a fundamental liberty interest in his reputation. This Court in *C.S.* then traced and analyzed the confidentiality provisions and exceptions in the CPSL, discussed the basic right to cross-examine adverse witnesses with prior inconsistent statements, and explained that use of the transcripts by Petitioner in the licensing matter would not likely compromise the CPSL's confidential reporting system or the privacy interests of the parties involved. Noting that "[p]lacement on a registry for alleged child abuse causes damage to the alleged abuser, primarily in the form of reputational harm and employment repercussions," *C.S.*, 184 A.3d at 607, we explained that Petitioner has a "fundamental right to defend [his] reputational interests in the face of peril," *id.* at 611-12, and an analogous right to protect himself against "the loss of [his] professional standing, professional reputation, and of livelihood." *Id.* at 612.

In *C.S.*, this Court reiterated, "It is beyond cavil that all legislative acts have to abide by the constitution, and a statutory privilege may have to be narrowed

_____

[2] 23 Pa.C.S. §§6301-6386.

3

or yielded if it unreasonably interferes with the guarantee of due process and the right to impeach a witness with prior inconsistent statements." 184 A.3d at 614. We concluded that due process superseded the confidentiality provisions of the CPSL:

> After considering the factors enunciated in [*Mathews v. Eldridge*, 424 U.S. 319 (1976)], we conclude that, based on the allegations in the Petition, Petitioner has stated a claim upon which relief may be granted. On balance, Petitioner's constitutional rights and the risk of erroneous deprivation, when compared to the Commonwealth's interest in confidentiality, tilt toward the conclusion that Petitioner may use the transcripts on cross-examination in the licensing matter. Given the unique circumstances of this case, we conclude that the principles comprising the due process clause demand this outcome and that cross-examination is necessary to protect the fundamental right of reputation guaranteed to the citizens of this Commonwealth. We therefore overrule the BHA's preliminary objection in the nature of a demurrer.

*C.S.*, 184 A.3d at 614 (internal quotation marks omitted).

In addition, this Court found no merit in the BHA's preliminary objection asserting that the Petition failed to conform to law or rule of court. Having overruled the BHA's preliminary objections, we directed the BHA to file an answer to the Petition within 30 days.

On May 10, 2018, the BHA filed an answer in which it admitted the essential material facts alleged in the Petition. (BHA's Answer, ¶¶1-15.) On June 11, 2018, Petitioner filed a motion for judgment on the pleadings, asserting that the BHA did not raise an issue of disputed fact in its answer and that the case therefore presents a pure question of law that was already decided by this Court in *C.S.* (Motion, ¶¶1-7.)

On June 18, 2018, the Commission filed an amended petition to intervene, which this Court granted by order dated June 21, 2018. On July 3, 2018,

4

the Commission filed an answer to the motion for judgment on the pleadings in which it admitted the essential material facts alleged in that motion. In this answer, the Commission asserted that it "does not take a position on whether or not Petitioner's request should be granted." (Commission's Answer, at 2.) The Commission, however, requested that the BHA provide it with copies of the entire transcripts of the expungement hearings in the event this Court grants Petitioner judgment on the pleadings.

On August 13, 2018, Petitioner filed a brief in support. In essence, Petitioner contends that our decision in *C.S.* is controlling and that there are no factual disputes that need to be resolved or further developed.

On September 5, 2018, the Commission filed correspondence with this Court, restating that it does not have a legal position in this matter. As such, the Commission represented that it will not file a brief in support or in opposition to the motion for the judgment on the pleadings.

On September 25, 2018, the BHA filed a brief in opposition. In this brief, the BHA did not contend that there are outstanding issues of factual dispute that would preclude entry of judgment in favor of Petitioner. Instead, the BHA incorporated by reference the arguments it advanced in its preliminary objections and supporting brief. Notably, the BHA "recognizes that this Court [in *C.S.*] has already considered these arguments in its order overruling preliminary objections." (BHA's brief at 4.) Nonetheless, the BHA stated that it is "compelled to advocate in this matter" and expresses its desire to "act further . . . upon issuance of a final order." *Id.*

**Discussion**

When ruling on a motion for judgment on the pleadings in our original jurisdiction, we must view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted may be considered against the opposing party. *Tulio v. Beard*, 858 A.2d 156, 158 (Pa. Cmwlth. 2004). A party's motion for judgment on the pleadings will only be granted when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Montgomery County v. Department of Corrections*, 879 A.2d 843, 846 n.5 (Pa. Cmwlth. 2005).

Here, as mentioned above, there are no issues of material fact that need to be decided, and the only issue presented in the motion for judgment on the pleadings is whether Petitioner is entitled to judgment as a matter of law. In *C.S.*, we concluded that Petitioner pleaded a valid cause of action, one upon which relief could be granted. Nothing has changed since then. Therefore, this Court, being bound by *C.S.*, now grants relief based upon *C.S.*

Accordingly, we grant the application for summary relief filed by Petitioner in the form of a motion for judgment on the pleadings. For relief, the Court orders that the BHA release and provide to Petitioner the transcripts of the pertinent witnesses' testimony in the expunction proceedings; declares that Petitioner may utilize the transcripts at the licensing matter solely for purposes of cross-examination in a manner consistent with evidentiary rules and the Commission's practices; and orders that the BHA release and provide to the Commission copies of all the transcripts, un-redacted and in their entirety, of the expunction proceedings. We further order Petitioner, the BHA, and the Commission to maintain the confidential nature of the transcripts, consistent with our observations in *C.S.* and to take the

6

appropriate measures to ensure that all the individuals involved in the licensing matter do so as well. *See* 184 A.3d at 613-14 ("[P]roceedings before the Commission are closed to the public, and the transcripts of the expungement proceedings, if made part of the record, cannot ever be disclosed to the public."); *id.* at 614 n.24 ("Pennsylvania law dictates that the proceedings before the Commission be closed and conducted in a confidential manner . . . . Afterward, when the records before the Commission become public, the Commission must ensure the nondisclosure of those records that are privileged or otherwise protected from release.") (internal quotation marks omitted).

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C.S.,                                     :
                    Petitioner            :
                                          :    No. 440 M.D. 2017
          v.                              :
                                          :
Commonwealth of Pennsylvania,             :
Department of Human Services,             :
Bureau of Hearings and Appeals,           :    CASE SEALED
                    Respondent            :

## *ORDER*

AND NOW, this 7th day of January, 2019, upon consideration of the application for special relief in the form of a motion for judgment on the pleadings filed by C.S. (Petitioner) and the responses filed by the Department of Human Services, Bureau of Hearings and Appeals (BHA) and the Department of Education, Professional Standards and Practices Commission (Commission), said application for special relief is hereby GRANTED.

The Court DECREES and ORDERS the following:

1.     The BHA shall release and provide to Petitioner the transcripts of the pertinent witnesses' testimony in the expunction proceedings.

2.     Petitioner may utilize the transcripts from the expunction proceedings in the licensing matter commenced by the Commission for purposes of cross-examination in a manner consistent with evidentiary rules and the Commission's practices.

3. The BHA shall release and provide to the Commission copies of all transcripts, un-redacted and in their entirety, of the expunction proceedings.

4. Petitioner, the BHA, and the Commission shall maintain the confidential nature of the transcripts, as stated in this opinion, and take the appropriate measures to ensure that all the individuals involved in the licensing matter do so as well.

_____
PATRICIA A. McCULLOUGH, Judge